IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-10141
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE CONTRERAS-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-185-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Contreras-Hernandez appeals his 56-month sentence imposed after he pleaded guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326. He has filed a motion to supplement the record with his sentencing memorandum. The motion to supplement is granted.

Contreras-Hernandez argues that his sentence is unreasonable because the district court considered his arrest record when determining the point within the advisory sentencing guidelines range that he should be sentenced.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contreras argues that his general objection to the unreasonableness of his sentence preserved this argument.

To avoid plain-error review, an appellant "must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." United States v. Rodriguez, 15 F.3d 408, 414 (5th Cir. 1994) (internal quotation marks and citations omitted); see United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007). Contreras's objection to the reasonableness of his sentence did not sufficiently preserve the argument that he now asserts; as a result, plain error review applies. See Hernandez-Martinez, 485 F.3d at 273. To establish plain error, a defendant must demonstrate error that is clear and obvious and that affects his substantial rights; then we may exercise discretion to correct the forfeited error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 273.

The district court did not plainly err in sentencing Contreras. The record does not demonstrate that the district court relied on Contreras's prior arrests in fashioning his sentence. Moreover, Contreras fails to present any evidence to rebut the presumption of reasonableness attached to his within-guidelines sentence. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007). The judgment of the district court is affirmed.

AFFIRMED; MOTION TO SUPPLEMENT GRANTED.